**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLAN HOGGRO,

      Petitioner-Appellant,

v.

BOBBY BOONE,

      Respondent-Appellee.

No. 99-6159
(W. District of Oklahoma)
(D.C. No. CIV-97-861-M)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Allen Hoggro's *pro se* application for a certificate of appealability ("COA"). Hoggro seeks a COA so that he can appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless the petitioner first obtains a certificate of appealability). To demonstrate his entitlement to a COA, Hoggro must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Hoggro can make such a showing by demonstrating that the issues he seeks to raise are debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4. (1983).

In his § 2254 habeas petition, Hoggro alleged that his 1994 Oklahoma conviction for Escape from a Penal Institution After Former Conviction of a Felony violated the Double Jeopardy Clause because the conviction followed a prison disciplinary proceeding wherein he was fined $15 and subjected the forfeiture of good time credits. The district court concluded that Hoggro had procedurally defaulted the claim because he had failed to timely raise it in state court. The district court further concluded that Hoggro's procedural default was not excused by cause and prejudice or subject to the exception for fundamental miscarriages of justice. Alternatively, the district court concluded that even were it to reach the merits, Hoggro's claim would fail.

Upon *de novo* review of Hoggro's application for COA and appellate brief, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record on appeal, this court concludes that Hoggro has not made a substantial showing of the denial of a constitutional right for substantially those reasons set out in the magistrate judge's Report and Recommendation dated March 15, 1999. Accordingly, Hoggro's application for a COA is hereby **DENIED** and his appeal **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge